```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
               Civil No. 14-1681(DSD/HB)
```

Charles Henke,

        Plaintiff,

v.                                                    **ORDER**

City of Orono, Orono Police
Department, Correy Farniok
Chief of Police, Officer
Larry Tomcheck, Jessica Loftus,
Lyle Oman, Melanie Curtis,
Christine Mattson and Soren Mattick,

        Defendants.

    Charles Henke, 3536 Lyric Avenue, Orono, MN 55391, pro se.

    Ryan M. Zipf, Esq. and League of Minnesota Cities, 145 University Avenue West, St. Paul, MN 55103; Thomas M. Scott, Esq. and Campbell Knutson, PA, 1380 Corporate Center Curve, Suite 317, Eagan, MN 55121, counsel for defendants.

    This matter is before the court upon the motions to dismiss by defendants.[1]  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motions.

---

[1] Defendants include the City of Orono, the Orono Police Department, Chief of Police Correy Farniok, Officer Larry Tomcheck, Jessica Loftus, Melanie Curtis, Christine Mattson, and Soren M. Mattick.  Mattick filed a separate motion to dismiss.  The Orono Police Department, as a city agency, is not subject to suit.  Hyatt v. Anoka Police Dept., 700 N.W.2d 502, 505-06 (Minn. Ct. App. 2005).  As a result, the court dismisses Henke's claim against the police department.

**BACKGROUND**

This civil rights dispute arises out of the enforcement of various city ordinances against plaintiff Charles Henke. Henke owns property located at 3536 Lyric Avenue in the City of Orono (City). Compl. ¶ 5. On July 7, 2010, the City received complaints regarding "junk" on Henke's yard. Zipf Aff. Ex. 1, at 3. City officials visited Henke's property on July 12, 2010, and documented a number of code violations relating to the condition of the yard and exterior storage of property. Id. In addition to miscellaneous junk and debris, the City observed a number of inoperable and unregistered vehicles. Id. On July 16, 2010, the City mailed Henke a letter, notifying him of the code violations and giving him until July 29, 2010, to bring the property into compliance. Id. Henke failed to comply. See id.

Over the next year and a half, City officials made numerous requests to Henke to clean his property, detailing exactly what he needed to remove to meet code requirements. See id. at 3-5. During this time, City officials made frequent visits to inspect Henke's progress. Id. Although Henke removed some vehicles and debris, he failed to bring the property into compliance. Id. at 5. On January 20, 2012, the City Attorney filed a criminal complaint, alleging violations of Orono City Code §§ 58-1, 58-3, and 78-1577(6)(b)(2). Id. at 1-2.

On July 22, 2013, Henke pleaded guilty to maintaining junk vehicles, in violation of Orono City Code § 58-3.  See id. Ex. 5, at 1.  As a condition of his probation, Henke was required to clean his yard by November 1, 2013, and allow the City to access his property for inspections.  Id.  Henke refused access to an inspector on November 1, 2013.  Id. Ex. 6.  As a result, his probation was extended until May 22, 2015.  See id. Ex. 5, at 2.

On May 28, 2014, Henke filed this pro se complaint, alleging claims for (1) various constitutional violations under 42 U.S.C. §§ 1983, 1986, and 1988; and (2) violations of the Ex Post Facto Clause.  Defendants move to dismiss.[2]

**ANALYSIS**

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] Under the Local Rules, a responding party must file a memorandum of law in opposition to a dispositive motion within twenty-one days of its filing.  D. Minn. LR 7.1(c)(2)(A)-(B). Here, defendants moved for dismissal on June 16, 2014, and July 1, 2014. ECF Nos. 5, 10.  Henke neither filed memoranda in opposition nor attended the September 12, 2014, hearing on the motions. Dismissal is warranted on this basis alone.  See D. Minn. LR 7.1(g)(6) ("If a party fails to timely file and serve a memorandum of law, the court may ... take any ... action that the court considers appropriate."); cf. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside of the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and internal quotation marks omitted). Here, the court relies on the criminal complaint, the City's history report for Henke's property, the Orono City Code, the register of actions, and the application for obtaining defendant's appearance for a probation violation. See Zipf Aff. Exs. 1-3, 5, 6. All documents pertain to Henke's state criminal proceeding and are public records.

**II. Section 1983 Claims**

Henke argues that defendants violated his constitutional rights when enforcing the City ordinances against him. Claims under § 1983[3] require that defendants acted under color of state law and that their conduct resulted in a denial of rights secured by the United States Constitution or by federal law. Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 830 (8th Cir. 1986). Section 1983 is not an independent source of rights, and a successful claim must demonstrate a deprivation of a specific right, privilege, or immunity. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Accordingly, a court considering a § 1983 claim must "identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271 (1994). Here, the court construes the complaint as alleging that defendants violated Henke's (1) Fourth Amendment rights when they entered his property without a warrant; (2) constitutional right to privacy when they documented and photographed items on the property; and (3) equal protection and due process rights when they enforced the City ordinances.

---

[3] In addition to his § 1983 claims, Henke alleges that defendants violated his equal protection and due process rights under 42 U.S.C. § 1988. Section 1988 does not create an independent cause of action. Rather, it permits the court to look to state and common law where federal law is "deficient in the provisions necessary to furnish suitable remedies." 42 U.S.C. § 1988; see also Moor v. Alameda Cnty., 411 U.S. 693, 702-03 (1973). As a result, the court construes the equal protection and due process claims as brought under § 1983.

### A.   Fourth Amendment

Henke first argues that defendants violated his Fourth Amendment rights when they entered his yard to inspect and photograph code violations without a warrant. Defendants respond that Henke did not have a legitimate expectation of privacy in the areas of his yard that were inspected, because the items that constituted the violations were in plain view. The court agrees.

"The standard for determining when the search of an area surrounding a residence violates fourth amendment guarantees no longer depends on outmoded property concepts, but whether [plaintiff] has a legitimate expectation of privacy in that area." United States v. Ventling, 678 F.2d 63, 66 (8th Cir. 1982). There is generally no legitimate expectation of privacy in one's driveway and other property that is visible to the public. Id. Moreover, while a warrant is required to "*enter* a residence to search for code violations," an inspector may "enter the property ... and proceed up the driveway to the front door" without a warrant. Nikolas v. City of Omaha, 605 F.3d 539, 546 (8th Cir. 2010) (emphasis in original). Once lawfully on the property, an inspector who sees an apparent code violation does not need a warrant to "confirm or refute the apparent violation." Id.

Photographs taken by City officials show that much of the junk and debris on Henke's property was clearly visible from the driveway and public streets. See Zipf Aff. Ex. 2, at 3-7, 44-49.

6

Once lawfully on the property, the officials were able to observe and confirm other apparent code violations that were in plain view. See id. at 8-43. Further, the officials were acting with a legitimate law enforcement objective when inspecting for code violations. "Where a legitimate law enforcement objective exists, a warrantless entry into the curtilage is not unreasonable ... provided that the intrusion upon one's privacy is limited." United States v. Weston, 443 F.3d 661, 667 (8th Cir. 2006). As a result, dismissal is warranted on Henke's Fourth Amendment claim.

### B. Right to Privacy

Henke next alleges that his constitutional right to privacy was violated when defendants photographed and documented the code violations on his property. A constitutional privacy claim "depends upon whether the plaintiff had a reasonable expectation of privacy in the information." Van Zee v. Hanson, 630 F.3d 1126, 1129 (8th Cir. 2011) (citation and internal quotation marks omitted). An expectation of privacy is reasonable where there is "both an actual subjective expectation and, even more importantly, that expectation must be one which society will accept as reasonable." McDonell v. Hunter, 809 F.2d 1302, 1306 (8th Cir. 1987) (citation omitted).

Even if Henke had a subjective expectation of privacy in the items photographed and documented on his property, such an expectation is not objectively reasonable. As explained above, the

items were either publically visible or in plain view when the City officials were lawfully on the property. See PPS, Inc. v. Faulkner Cnty., Ark., 630 F.3d 1098, 1102 (8th Cir. 2011) ("If an article is already in plain view, neither its observation nor its seizure would involve any invasion of privacy.") (citation and internal quotation marks omitted). Henke fails to allege a reasonable expectation of privacy, and as a result, dismissal is warranted on his privacy claim.

C. **Equal Protection and Due Process**

Henke next alleges that defendants violated his equal protection and due process rights under the Fourteenth Amendment. To succeed on his equal protection claim, Henke must show that he was "treated differently than other persons who were in all relevant respects similarly situated." Flowers v. City of Minneapolis, Minn., 558 F.3d 794, 798 (8th Cir. 2009) (citation and internal quotation marks omitted). Henke fails to allege any facts establishing that defendants treated him differently than other similarly situated persons, and dismissal is warranted.

As for Henke's due process claim, it is unclear whether he is alleging violations of his procedural or substantive due process rights.[4] "To set forth a procedural due process violation, a

---

[4] To the extent that Henke alleges a substantive due process claim on the same grounds as his Fourth Amendment claim, the claim fails for the reasons stated under the Fourth Amendment analysis. See Albright, 510 U.S. at 273 (citation and internal quotation
(continued...)

plaintiff, first, must establish that his protected liberty or property interest is at stake. Second, the plaintiff must prove that the defendant deprived him of such an interest without due process of law." Gordon v. Hansen, 168 F.3d 1109, 1114 (8th Cir. 1999) (per curiam) (citations omitted). To prevail on a substantive due process claim, Henke must show that defendants' conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscious." Terrell v. Larson, 396 F.3d 975, 980-81 (8th Cir. 2005).

Henke alleges generally that defendants targeted him for code enforcement without notice, but he provides no support for this allegation. Henke further fails to allege any conduct by defendants that could be considered egregious or outrageous. Indeed, City officials frequently notified Henke of his violations and gave him multiple opportunities to bring his property into compliance. Charges were not brought until almost a year and a half after he was initially notified. As a result, dismissal is warranted on his due process claim.[5]

---

[4](...continued)
marks omitted) ("[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing th[o]se claims.").

[5] Henke also argues that his due process rights were violated because Orono City Code § 58-3 is overly broad and vague. Section 58-3 provides that "[i]t is unlawful to park or store any
(continued...)

Finally, to the extent that Henke is alleging a claim for an unconstitutional policy or custom under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), that claim also fails. A municipality may not be held liable for its officers' actions unless the officers are "found liable on the underlying substantive claim." <u>Abbott v. City of Crocker</u>, 30 F.3d 994, 998 (8th Cir. 1994), <u>abrogated on other grounds by</u> <u>Engleman v. Deputy Murray</u>, 546 F.3d 944 (8th Cir. 2008). As already explained, there are no viable underlying § 1983 claims.[6]

### III. Section 1986 Claim

Henke next alleges that defendants refused or neglected to prevent the violation of his civil rights, in violation of 42 U.S.C. § 1986. A claim under § 1986, however, is dependent upon a valid claim for civil rights conspiracy under 42 U.S.C. § 1985. <u>See</u> 42 U.S.C. § 1986; <u>Coleman v. Garber</u>, 800 F.2d 188, 191 (8th

---

[5](...continued)
unlicensed, unregistered or inoperable motor vehicle ... on any property ... unless housed within a lawfully erected building." Zipf Aff. Ex. 3, at 2. The court finds that this language offers a "person of ordinary intelligence a reasonable opportunity to know what is prohibited." <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108 (1972). Further, it is sufficiently definite to prevent arbitrary enforcement, <u>United States v. Washam</u>, 312 F.3d 926, 931-32 (8th Cir. 2002), and it does not prohibit constitutionally protected conduct. <u>Grayned</u>, 408 U.S. at 114. As a result, Henke's facial challenges to the ordinance fail.

[6] Defendant Mattick separately argues that he is entitled to absolute immunity as a city prosecutor. Because the court dismisses the action on the merits, it does not consider this argument.

Cir. 1986). Because Henke fails to establish any underlying constitutional violation, as shown above, a civil rights conspiracy claim necessarily fails. See Immekus v. Page, 44 F. App'x 35, 36 (8th Cir. 2002) (per curiam). As a result, the court dismisses Henke's § 1986 claim.

## IV. Ex Post Facto Claim

Henke next argues that Orono City Code § 58-3 was enforced against him in violation of the ex post facto clause. For a law to violate the ex post facto clause, "the law must apply to events occurring before its enactment; and it must disadvantage the offender affected by it." United States v. Chandler, 66 F.3d 1460, 1467 (8th Cir. 1995). Henke was charged with violating section 58-3 on January 20, 2012, and he pleaded guilty to the charge on July 22, 2013. Section 58-3 was first enacted in 1984. See Zipf Aff. Ex. 3, at 2. It "applied to his property from the time of its enactment ..., subject only to the discretion of enforcement officials not to prosecute." Nikolas, 605 F.3d at 543. As a result, the court finds that dismissal is warranted on Henke's ex post facto claim.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED that**:

1. The motions to dismiss [ECF Nos. 5, 10] are granted; and

2.   The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 29, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
